**In re F.A.C. CONSTRUCTION CORP., Debtor.**

**Bankruptcy No. 888–80244–20.**

United States Bankruptcy Court,
E.D. New York,
at Westbury.

April 15, 1993.

---

**14**

Robert Rosenthal, M. Carl Levine, Morgulas, & Foreman, Marilyn Simon, New York City, for NAB Const. Corp.

Beal, Klasfeld, Lentz, & Romash, New York City, for F.A.C. Construction Corp.

## DECISION AND ORDER ON MOTION TO COMPEL THE PRODUCTION OF VERIFIED TRUST STATEMENTS

ROBERT JOHN HALL, Bankruptcy Judge.

### PRELIMINARY STATEMENT

This matter comes before the Court upon a motion ("Motion") for an order directing the above-referenced debtor ("Debtor") to furnish verified statements detailing the finances and activity of certain trust funds.

The Court has jurisdiction over this matter pursuant to sections 157(a), (b)(1) and 1334 of title 28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to section 157(b)(2)(A), (B), (K) and (O) of title 28.

For the reasons given below, the Court holds that (1) the Motion is **GRANTED** and

the Debtor is directed to serve, and file with the Court in Westbury, verified statements in conformity with applicable statutory requirements on or before June 30, 1993; (2) the movant is granted $550 for reimbursement of its counsel fees and costs to be satisfied by counsel for the Debtor for the unjustifiable failure to comply with governing law; and (3) counsel for the parties are directed to appear at a status conference before the Court on July 13, 1993.

### FACTS

This Motion was originally made by a creditor, NAB Construction Corp. ("NAB") on June 6, 1989. Asserting that certain monies received by the Debtor became the corpus of statutory trust funds, the Motion sought an order pursuant to subdivision 5 of section 76 of the New York Lien Law ("Lien Law") directing the Debtor to furnish verified statements setting forth entries in its books and records regarding these funds. N.Y. Lien Law § 76(5).

On or about June 29, 1990, the Debtor filed with the Court and served upon counsel for NAB a set of documents setting forth entries with respect to the statutory trust funds.

### DISCUSSION

As stated by the United States Supreme Court: "Property interests are created and defined by State Law. Unless some Federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Accordingly, New York law governs the dispute before the Court.

Section 75(2) of the Lien Law provides that "Every trustee shall keep books or records with respect to each trust of which he [or she] is trustee." N.Y. Lien Law § 75(2). Section 75(3) requires that said books or records contain certain information. N.Y. Lien Law § 75(3). Section

75(3)(C)(4) provides that "if trust funds are deposited in a bank or depository, the name and address of such bank or depository" shall be reflected in the trustee's books and records. N.Y. Lien Law § 75(3)(C)(4).

The Court has reviewed and evaluated the statements furnished by the Debtor. The Court holds that the records supplied by the Debtor simply and inexcusably do not comply with the governing sections of the Lien Law. In particular, no information regarding the existence or location of bank accounts was provided, whether any payments were ever made on any contracts, and the required names of persons authorized to disburse funds from the trust funds were omitted. The Court also holds that the records supplied by the Debtor are not in conformity with section 76 of the Lien Law which requires the trustee or an officer to subscribe and verify the furnished statements. N.Y. Lien Law § 76(4).

No reasons were given by counsel for the Debtor for such failure to comply with applicable law and to furnish proper statements. Therefore, the Court holds that (1) NAB's Motion is **GRANTED** and the Debtor is directed to furnish verified statements in conformity with all statutory requirements; (2) the movant is granted $550 for reimbursement of its counsel fees and costs to be satisfied by counsel for the Debtor for the unjustifiable failure to comply with governing law at counsel and the Court's expense; and (3) counsel for the parties are directed to appear at a status conference before the Court on July 13, 1993 (1635 Privado Road/Westbury, NY 11530/Room 205 (516) 832-8801).

**SO ORDERED.**